Sullivan, }
June, 1897. }

### ROWELL v. CLAGGETT.

An executory agreement for a pledge of property with authority to sell, unaccompanied by possession on the part of the pledgee, is of no effect as against a subsequent attachment by a creditor of the pledgor.

Trover, for a horse, carriage, sleigh, and harness. Facts found by the court. The property was owned by one Sherwood, but was entrusted to the care of his wife's son Perley. Sherwood was a debtor of his wife and of the plaintiff. Upon a demand by the plaintiff for the payment of his debt, Sherwood agreed that the plaintiff should take the property and sell it, and if it should bring more than the amount of his claim, he should pay over the balance; and he gave the plaintiff a written order on Perley for the delivery of the property. On the next day, before the plaintiff presented his order, Perley, having learned of its existence and acting under the direction of Mrs. Sherwood, caused the property to be attached by the defendant, a deputy sheriff, in an action upon her claim. The court ordered a verdict for the defendant, and the plaintiff excepted.

*Albert S. Wait*, for the plaintiff.

*George R. Brown*, for the defendant.

Pike, J. The agreement between Sherwood and the plaintiff did not constitute a sale of the property. It was a mere executory agreement for a pledge with authority to sell. As the plaintiff failed to obtain possession of the property, the pledge was not completed, and the transaction had no effect as against the defendant's attachment. *Colby* v. *Cressey*, 5 N. H. 237; *Brown* v. *Wiggin*, 16 N. H. 312; *Wolcott* v. *Keith*, 22 N. H. 196, 209.

*Exception overruled.*

Blodgett, J., did not sit: the others concurred.